UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHARA DAWN LAWHORNE, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) 1:13-cv-00424-GZS |
| | ) |
| WOLF, DIRECTOR, | ) |
| MT State Mental Hospital, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

On November 15, 2013, a Section 1983 civil rights complaint naming Shara Dawn Lawhorne as plaintiff and Director Wolf, MT State Mental Hosp. Warm Springs, Montana, as defendant was filed in this court. The complaint was signed by "next friend (spouse) Roger Penman". (ECF No. 1.) Along with the complaint, a motion for leave to proceed in forma pauperis was filed and signed by Roger Penman. (ECF No. 2.) I issued the following order on November 18, 2013:

> ORDER denying Motion for Leave to Proceed in forma pauperis; a spouse cannot provide legal representation for another; additionally this complaint appears to be filed in the wrong venue. Plaintiff has until December 7, 2013, to submit her own application if she wishes to proceed in this court. However, it is highly likely that once a properly signed complaint is accepted it will be transferred to Montana in any event. Plaintiff must sign all of her own pleadings or have a legally appointed guardian to do so, which would have to occur through a probate court or other court with jurisdiction to appoint a legal guardian and proof of guardianship would have to be provided to this court.

(ECF No. 4.)

As of today's date, nothing has been filed with the court.

Accordingly, it is recommended that the Complaint be **DISMISSED** for plaintiff's failure to prosecute this action.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 11, 2013

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge